<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____
                               :
PRAYLOR NEWMAN,                :
                               :  Civil Action No. 14-2793 (RMB)
           Petitioner,         :
                               :
        v.                     :         OPINION
                               :
J.T. SHARTLE,                  :
                               :
           Respondent.         :
_____:
```

**BUMB**, District Judge:

    This matter comes before the Court upon Petitioner's submission of his $5.00 filing fee, <u>see</u> Docket Entry of August 26, 2014, which followed his § 2241 petition ("Petition").[1]  <u>See</u> Docket Entry No. 1.

    Petitioner is a federal inmate confined at the FCI Fairton, New Jersey.  <u>See</u> <u>generally</u>, Docket.  Although he had a number of criminal convictions in the Commonwealth of Pennsylvania, his Petition at bar concerns the sentence imposed by the Eastern

---

    [1] The Petition arrived unaccompanied by Petitioner's filing fee or his <u>in</u> <u>forma</u> <u>pauperis</u> application.  <u>See</u> Docket Entry No. 1.  This Court, therefore, directed him to cure that deficiency within thirty days, <u>i.e.</u>, by June 20, 2014, and ordered the Clerk to furnish Petitioner with a blank <u>in</u> <u>forma</u> <u>pauperis</u> form to facilitate Petitioner's endeavors toward that end.  <u>See</u> Docket Entry No. 2.  Petitioner, however, did not take advantage of the <u>in</u> <u>forma</u> <u>pauperis</u> form served upon him and made his submission only on August 25, 2014, <u>see</u> Docket Entry of August 26, 2014, <u>i.e.</u>, more than two months after his time to make such submission expired.  While this Court notes its concern with Petitioner's failure to timely comply with this Court's orders, it will excuse Petitioner's delay and address his Petition on the merits.

District of Pennsylvania ("EDPA").  See generally, Docket Entry No. 1; see also United States v. Newman ("Newman-EDPA"), Crim. Action No. 02-0539 (JCJ) (E.D. Pa.) (filed Sep. 5, 2002, term. Oct. 9, 2003).[2]

Petitioner had already challenged his sentence in a § 2255 action.  See Newman-EDPA, Docket Entries Nos. 88 and 90.[3]  The Government opposed his § 2255 motion pointing out that the motion was untimely and, in addition, meritless.  See id., Docket Entry No. 91, at 2 (stressing that, at his initial sentencing, Petitioner stipulated that he was an armed career criminal).[4]

---

[2]  Initially, Petitioner was sentenced to 293 months.  See Newman-EDPA, Docket Entry No. 57.  Upon Petitioner's appeal and the Court of Appeals' affirmance of his conviction accompanied by a sentencing remand under United States v. Booker, 543 U.S. 220 (2005), he was re-sentenced to the same term.  See Newman-EDPA, Docket Entry No. 77.  The Court of Appeals affirmed his reimposed prison term.  See id. Docket Entry No. 83.

[3]  See McPherson v. United States, 392 F. App'x 938, 940 n. 1 (3d Cir. 2010) (it is appropriate for a court to take judicial notice of the official record of prior court proceedings).

[4]  The Government also noted that, during his post-Booker re-sentencing proceeding, Petitioner "challenged the determination that he was an armed career criminal, alleging that the evidence of his prior burglary convictions was insufficient to qualify him as an armed career criminal.  The [sentencing] court rejected [that] argument . . . .  In his appeal [from re-sentencing, Petitioner] argued that his sentence enhancement based on three prior drug convictions was erro[neous] . . . .  In addition, he claimed that there was insufficient evidence to establish that his three prior burglary convictions qualified him as an armed career criminal.  . . . [The Court of Appeals] entered its judgment affirming the [re-imposed] sentence.  With respect to his career criminal claim, the [Court of Appeals] held that [Petitioner] had stipulated at his sentencing hearing that the burglaries were . . . qualifying him as an armed career

"[W]ith the idea of obtaining another bite of the apple," Johnson v. Colvin, 2014 U.S. Dist. LEXIS 92201, at *32 (E.D. Pa. July 8, 2014) (citing Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 834 (3d Cir. 1984)), Petitioner filed the instant § 2241 Petition.  Aware of the jurisdictional infirmity of his Petition, he opened it with the following statement:

> QUESTIONS PRESENTED[:]
>
> 1.   . . . 28 U.S.C. § 2241 IS COGNIZABLE BECAUSE PETITIONER'S CLAIM IS ELIGIBLE FOR CONSIDERATION PURSUANT TO THE SAVINGS CLAUSE[.]
>
> 2.   . . . PETITIONER IS ACTUALLY INNOCENT ON THE BASIS THAT HIS PRIORS WERE CONSOLIDATED FOR SENTENCING PURPOSES AND THUS, WERE RELATED AND[,] THEREFORE[,] COUNTED AS ONE SENTENCE[.[5]]

Docket Entry No. 1, at 3 (capitalization in original).  In support of that position, Petitioner is "claiming that he is actually innocent of being an armed career criminal."  Id. at 4 and 8.

A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  By contrast, § 2241

---

criminal."  Newman-EDPA, Docket Entry No. 91, at 2-3.  Analogously dismissing his sentence enhancement challenge based on his prior drug convictions, the Court of Appeals affirmed his re-imposed term.  See id., Docket Entry No. 83.

   [5]  This Court presumes that Petitioner's reference to his "priors" refers to his prior convictions in the Commonwealth of Pennsylvania (and/or his prior federal convictions, if any).

"confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that challenges to the execution of a sentence include, e.g., challenges to wrongful revocation of parole, place of imprisonment, and credit for time served). Here, Petitioner's claims are an attack on the validity of his sentence and, as such, must presumptively be brought pursuant to § 2255 in the sentencing court.

True, in certain – albeit very narrow – circumstances, a federal prisoner can seek relief under § 2241: if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). However, "Section 2255 [does not become] inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law, which might come about as a result of

4

a Supreme Court ruling finding a penal provision inapplicable to a certain conduct or an outright legislative repeal of a penal statute.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Therefore, even where a federal prisoner "argued that his sentence enhancement on the basis of two prior . . . convictions was improper in light of [a decision issued not by a district or appellate court, but by the] Supreme Court," his reliance on § 2241 is still misplaced if he "is not claiming that *the actions underlying his current conviction* have been deemed to be non-criminal by [that particular Supreme Court decision.  This is so because his inability to raise such argument] demonstrated that the narrow exception outlined in Okereke [cannot] appl[y] to his case." Pierre-Louis v. Warden Canaan USP, 2014 U.S. App. LEXIS 14934, at *6-7 (3d Cir. Aug. 4, 2014) (emphasis supplied). "Moreover, claims of sentencing error like [Petitioner's] are generally not cognizable on § 2241 review." Id. at *7 (citing Okereke, 307 F.3d at 120-21).

Since Petitioner neither does nor can assert that the numerous firearm offences underlying his EDPA conviction are no longer a crime under a Supreme Court precedent (or even under the Court of Appeals' holding in Wood, 526 F.3d 82, had Wood been, arguendo, applicable for the purposes of the Okereke-Dorsainvil jurisdictional analysis), he cannot qualify as "innocent" for the

5

purposes of the "savings clause" exception.  Thus, his attack on his sentence, regardless of whether it is paraphrased in general terms or focuses only on the enhancement aspect of his sentence, cannot be entertained in this § 2241 action.

Moreover, the Petition abuses the equitable nature of the habeas writ.  Where a habeas litigant is attempting to re-litigate the very same issue time and again, or where the litigant raises claims already known to him as facially meritless, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of such frivolous cases by that litigant.  See e.g., In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (citing Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980) (per curiam); Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961), cert. denied, 369 U.S. 856 (1962)); accord Sanders v. United States, 373 U.S. 1, 17-19(19630 (if a petitioner persists at raising his already litigated claims or already dismissed challenges, he risks abusing the equitable nature of the habeas writ); Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008) (same).  Here, Petitioner challenged his sentence enhancement during his re-sentencing and on direct appeal from that re-sentencing, and his challenges were expressly dismissed by his sentencing court and the Court of Appeals with an express

reminder that he had stipulated that he was an armed career criminal.  Now, Petitioner comes before this Court knowing that his challenge at bar is facially meritless, and yet he is still asking this Court to violate the jurisdictional bar in order to disregard the findings of the Court of Appeals.  That this Court cannot do.

Accordingly, the Petition will be dismissed for lack of jurisdiction.[6]

Taking notice of Petitioner's abusive litigation practices, this Court strongly encourages Petitioner to refrain from filing any frivolous applications in the future, be it in this District or in any district or appellate court, since sanctions might be applied to Petitioner, if warranted.  "The courts in this nation stand ready to address challenges brought by litigants in good faith.  Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the

---

[6] Since the Court of Appeals was already presented with a claim substantively indistinguishable from that raised in the instant matter, this Court finds it not in the interests of justice to construe the Petition as an application to the Court of Appeals seeking leave to file a second/successive § 2255 motion.  That said, no statement in this Opinion or the accompanying Order prevents Petitioner from seeking such leave on his own.

judiciary." <u>In re Telfair</u>, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).

    An appropriate Order follows.

                                          <u>s/Renée Marie Bumb</u>
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**

Dated:<u> September 5, 2014</u>